# Withington's Appeal.

By a marriage settlement, real estate was conveyed to a trustee, in trust to pay the income to the wife, during coverture, for her sole and separate use, or to such persons as she should appoint, without being liable to the debts of her intended husband; and, after her decease, to convey the same to certain persons therein designated. By the same instrument, the intended husband covenanted with the trustee, that he would not oppose, at any time thereafter, directly or indirectly, or obstruct, litigate, or defeat the uses and estates therein declared, nor any future revocation or change of the same, or any declaration or appointment of uses, which his said intended wife might thereafter, either by deed or will, declare: *Held*, that this covenant did not confer on the wife a power to revoke the uses declared in the marriage settlement, either by deed or will.

APPEAL from the Common Pleas of *Philadelphia*.

This was an appeal by Samuel Withington from the decree of the court below, dismissing his petition wherein he prayed that Allin Robinett, trustee, might be ordered to transfer and deliver to him certain property therein described.

The facts of the case are very fully set forth in the opinion of the court.

*Pierce*, for the appellant, cited Barnes v. Hart, 1 *Yeates* 221; West v. West, 10 *S. & R.* 448; Goodtitle v. Stokes, 1 *Wils.* 341; *Fearne on Rem.* 90; Lancaster v. Dolan, 1 *Rawle* 248; Sprague v. Woods, 4 *W. & S.* 195; 2 *Hovenden on Frauds* 116; Payne v. Collier, 1 *Ves. Jr.* 170; Barstow v. Kilvington, 5 *Id.* 593; Hope v. Clifden, 6 *Id.* 500; Raybold v. Raybold, 8 *Harris* 308; 2 *Hovenden on Frauds* 80; *Watkinson's Conveyancing* 260, note *a*; *Stephenson's Trusts*, 27 *Eng. L. & Eq. R.* 487; 1 *Sugden on Powers* 116; 2 *Vern.* 377; 1 *Sugden on Powers* 85, 117; 4 *T. R.* 177.

*G. W. Biddle* and *Meredith*, for the appellee, cited Lancaster v. Dolan, 1 *Rawle* 231; 2 *Hovenden on Frauds* 109, 136–8; Kelly v. Power, 2 *B. & B.* 236, 251; Gladstone v. Birley, 2 *Merw.* 401; Slocombe v. Glubb, 2 *Bro.* 545.

[Withington's Appeal.]

The opinion of the court was delivered by

READ, J.—Maria Quesnet, the widow of Balthazar Quesnet, being about to marry Stephen Ammidon, on the 15th June 1837, with the consent of her intended husband, who became a party thereto, made a conveyance of certain real and personal estate to Allin Robinett in trust.

The trustee was to pay the rents, income, and dividends to the said Maria, during her coverture, to her sole and separate use, or to such persons as she by writing should appoint, without being liable to the debts of her intended husband; and at the request of the said Maria he was to sell the real and personal estate, hold and invest and reinvest all moneys received by him; and if the said Maria did not survive her intended husband, then the trustee was to convey and assign all the real and personal estate (except one house which was to be conveyed to George Herman Robinett in fee simple) to such person or persons as she, the said Maria, should, by any instrument in the nature of a last will and testament, under hand and seal, executed in the presence of at least two witnesses, who should attest the same by subscribing the same as witnesses, notwithstanding her coverture, direct, limit, and appoint; and in case of no such appointment, and her death before her intended husband, then the said trustee was to assign and convey the same to such person or persons as would be entitled to the same, if the said Maria had survived her intended husband, and afterwards died intestate. After providing for the appointment of trustees, in case of death or refusal, the instrument closed with the following covenant: "And the said Stephen Ammidon (the intended husband), for himself, his heirs, executors and administrators, doth hereby covenant, promise, grant and agree, to and with the said Allin Robinett, his heirs, executors and administrators, that he the said Stephen Ammidon shall not, and will not oppose, at any time hereafter, directly or indirectly, obstruct, litigate, or defeat the uses and estates hereinbefore limited and declared, or any future revocation or change of the same, or any declaration or appointment of the uses which the said Maria Quesnet may hereafter, either by her deed or deeds of indenture, or by her last will and testament in writing, or by any writing in the nature of a will, agreeable to the tenor and the true intent and meaning of these presents."

This covenant, unless construed to apply to the acts of Mrs. Quesnet before her intended marriage, was much larger and more comprehensive than the powers which she expressly reserved to herself during coverture, and could never have been intended to destroy the very guards which she had deliberately thrown around herself. By the marriage settlement she could only dispose of her real and personal estate by will; by this covenant, if it gave her any additional power, she could revoke the whole disposition, and

appoint new uses, either by deed or will, and subject herself to the very influence against which her precautions were taken. Such a construction could never have been placed on this covenant in this marriage settlement.

Mr. Ammidon died, and before marrying Mr. Samuel Withington, Mrs. Ammidon, with his consent, he being a party thereto, made a conveyance of all her real and personal estate to Allin Robinett in trust, on the 1st November 1843, particularly describing certain parcels thereof.

The trusts were to pay, as in the former deed, the income to Mrs. Ammidon during her coverture, for her sole and separate use, or to such persons as she should appoint, without being liable to the debts of her intended husband, and to sell and reinvest the real and personal estate.

At the death of the said Maria Ammidon, the said trustee was to convey a house and lot on Filbert street to George Herman Robinett in fee simple; and if the said Samuel Withington survived her, the trustee was to pay to the said Samuel the net income of the remaining estate during his natural life; and upon the death of both the said Maria and Samuel, the trustee was to convey all the remaining part of the estate to all the remaining children of Allin Robinett (except the said George Herman Robinett) in fee simple, as tenants in common. Then there followed, as in the first deed, the provision for the appointment of trustees in case of death, inability, or refusal to act; and then the identical covenant contained in the former deed, simply substituting the name of Samuel Withington for Stephen Ammidon.

The same observations as to the impossibility of considering this a power to revoke at pleasure, given to Mrs. Ammidon, apply with stronger force to this deed, whose whole purpose, while providing for the intended husband in an ample manner, was finally to dispose of all her property.

No such construction, of course, as is contended for by the learned counsel for the appellant, would be put on this covenant by any court, unless forced to do so by the weight of authority.

All the cases relating to the reform of instruments, according to the real intentions of the parties, are inapplicable, because there is no evidence whatever that any mistake was made in drawing this deed. It is clear, that the scrivener simply copied a covenant from a former deed, which was not even applicable to the first settlement, and still less to the second.

In the two cases cited of the Bishop of Oxon v. Leighton, 2 *Vernon* 376, and of Rex v. Inhabitants of Eatington, 4 *Term R.* 177, they were provisoes—and a proviso giving to the grantor, or grantee, or a stranger, authority to revoke, or alter, by a subsequent act, the estate first granted is valid, and is called a power.

In the case in *Vernon*, Thomas Powell, on the marriage of his

wife, by lease and release, conveyed to Holland and his heirs, to the use of himself for life, to his wife for her jointure, remainder to the heirs of Powell, on the body of his wife to be begotten, remainder to the right heirs of Thomas Powell—*Proviso*, that in default of heirs of their bodies, Holland should convey to such uses as the survivor should appoint—Thomas Powell devised to the defendant Leighton and his heirs. The wife survived and appointed Holland to convey to Sir Francis Winnington and his heirs, to the use of herself and her heirs, and she by will devised to the plaintiff and his heirs.

The plaintiff could not recover at law, by reason that Holland had not made such a conveyance as Mrs. Powell directed.

The Lord Keeper said, "The Lord Dyer's *scintilla juris* remains in Holland, and although the proviso be unskilfully penned, it amounts to a power of revoking and limiting new uses; and decreed the defendant to admit that Holland had conveyed, according to the wife's appointment, prior to the will of the wife, by which she devised to the plaintiff."

In the case in 4 *Term Reports*, the grantor conveyed to the grantee, a cottage, in fee simple, with the proviso that the grantor should occupy the same during his natural life. It was contended that this proviso must be rejected, because it is so totally repugnant to the first grant—"But," Lord KENYON said, "an estate for life to one is not totally repugnant to, but consistent with, an estate in remainder to another, and it cannot be contended, that the proviso must be rejected, because it stands last in the deed, and restrains the estate before created; for in all deeds of settlement, where uses are first limited, various powers, exceptions, and different modifications of them, which are to arise as shifting uses, are afterwards introduced. Then, if it be immaterial in what part of the deed the proviso is inserted, and indeed it is so, the fair construction of the whole deed taken together, is that an estate for life was reserved to the father, and an estate in remainder granted to the pauper."

These cases therefore do not govern the present one.

Nor is the case of Re Stephenson's Trusts, 27 *English Law & Equity* 487, in point, because there the covenant of the husband in the marriage settlement, was absolutely necessary, as it applied to personal estate that might afterwards be given or bequeathed to the wife, which would become his by virtue of his marital right.

Mrs. Withington, in her lifetime, by deed, revoked this last marriage settlement, and called upon Allin Robinett to convey according to her directions; and applied to the Court of Common Pleas of Philadelphia county, by petition, to oblige him to comply with her request and direction. Upon a citation, Mr. Robinett appeared

and filed an answer, and after a hearing, the court dismissed the petition.

By her last will, and six several codicils, Mrs. Withington, under her alleged power, also revoked the uses and trusts in the said indenture contained, and declared others. This will and codicils were duly proved, and letters testamentary were granted to the executor Samuel Withington; who, in his representative character, and as a devisee and legatee, applied by petition to the Court of Common Pleas, for a citation to Allin Robinett, to show cause why he should not convey to the said petitioner the parts of the estate of the said Maria M. Withington, to which he is entitled in his individual right and as executor.

To this citation Mr. Robinett filed an answer, to which the petitioner replied, and after a hearing, the court dismissed the petition, from which decree this appeal was taken.

From what we have already said, it is clear, that the court below was right in both instances, as Mrs. Withington possessed no power to revoke or alter the deed of the 1st November 1843, or its uses, either by deed or will, and the decree of the Court of Common Pleas is affirmed with costs.